IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER CARL GARDNER, III | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-15-3485 |
| | | |
| DEPARTMENT OF ENERGY | * | |
| FBI | | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| NATIONAL SECURITY AGENCY | | |
| DEPARTMENT OF JUSTICE | * | |
| DEPARTMENT OF DEFENSE | | |
| Defendants. | * | |

*****

MEMORANDUM

On November 16, 2015, Alexander Carl Gardner, III filed the above-captioned self-represented case seeking $10,000,000.00 and invoking this court's 28 U.S.C. § 1331 federal question jurisdiction. The complaint is accompanied by a motion to proceed in forma pauperis. ECF No. 2. Because he appears indigent, Gardner's indigency motion shall be granted.

Gardner's complaint is far from a model of clarity. It reads *in toto*:

> "I am being followed around, it all started with some type of medicine or drug being placed in my food that was knocking me out making me unconscious. And one night I remember someone in all black standing over top of me in all black where's the I could move. I don't know what they did to me but my research I came up on was electronic hypnosis which is used to try to get information out of people about cases which I have no knowledge of. Why would they place this on me. As well as my son's, but since then I have been getting followed around, giving counterfeit money by banks (Bank of America). Why? My phone calls and text messaging are being intercepted my emails are being hijacked. The residence where I was living was being searched for no reason things being planted things I have no knowledge of. Now there are planes and drones following me also flying over my home. I'm tired of it. Wiretapping, civil rights violations, privacy, communications technology and crimes of humanity."

ECF No. 1 at p. 2. Gardner alleges he is subject to daily torture, occurring without probable cause, reasonable suspicion, or judicial or lawful authorization. *Id.* at p. 4.

Pursuant to 28 U.S.C. § 1915,[1] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. The statute permits district courts to independently assess the merits of in forma pauperis complaints, and "to exclude suits that have no arguable basis in law or fact." *See Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). This screening authority differentiates *in forma pauperis* suits from ordinary civil suits. *Nasim*, 64 F.3d at 953-954; *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. See *Fogle v. Blake*, 227 Fed. Appx. 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner Complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

---

[1] The statute provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are liberally construed, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

Garner has failed to set out a claim entitling him to relief. The factual and legal conclusions raised in the document regarding Gardner's claims of stalking, food tampering, hypnosis, wiretapping, and counterfeiting against various federal agencies are nonsensical. The allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed R. Civ. P 12 (b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994). The complaint contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and shall be dismissed by separate Order.

Date: 11/30/15

J. Frederick Motz
United States District Judge